United States District Court
Southern District of Ohio
Western Division

---

Daryl Foster
c/o Laufman Napolitano, LLC
4310 Hunt Road
Cincinnati, Ohio 45242

        Plaintiff,

v.

Fifth Third Bancorp
38 Fountain Square Plaza
Cincinnati, OH 45263

    *also serve:*
    *Corporation Service Company*
    *50 West Broad Street, Suite 1330*
    *Columbus OH, 43215*

    and

Fifth Third Financial Corporation
38 Fountain Square Plaza
Cincinnati, OH 45263

    *also serve:*
    *Corporation Service Company*
    *50 West Broad Street, Suite 1330*
    *Columbus OH, 43215*

    and

Fifth Third Bank, National Association
38 Fountain Square Plaza
Cincinnati, OH 45263

    *also serve:*
    *Corporation Service Company*
    *50 West Broad Street, Suite 1330*
    *Columbus OH, 43215*

Case No. 1:21-cv-489

Complaint

(Jury Demand Endorsed Hereon)

and

Fifth Third John Doe
*Names and Addresses Unknown*

Defendants.

## I. Preliminary Statement

1.      Daryl Foster is an intelligent, hard-working employee, skilled in dealing with difficult people and situations.  These qualities made him an exemplary "resolution specialist" handling customer service for Fifth Third Bank.  Daryl Foster is also a gay black man with a disability. This sadly made him the target of ridicule, subjected him to disparate treatment, and ultimately resulted in his termination from employment.  Fifth Third publicly shamed Mr. Foster, going so far as to create and post a makeshift "wanted" poster featuring Mr. Foster's picture below the acronym 'B.O.L.O.," (law enforcement jargon for "be on the lookout") in the public entrance to the building where he worked clearly visible to all who walked by.  Mr. Foster was subjected to slurs, denied promotions, and ultimately terminated by Fifth Third because of his race, status as a gay man, and subsequent retaliation.  This action seeks to remedy this rueful discrimination.

## II. Jurisdiction

2.      Daryl Foster ("Mr. Foster") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), under EEOC Charge No. 470-2020-03847, alleging unlawful discrimination based on race, sexual orientation, disability, and retaliation.

3.      On April 28, 2021, the EEOC issued a Dismissal and Notice of Rights letter with respect to Mr. Foster's charge of discrimination.

4.      This Court now has jurisdiction over Mr. Foster's claims pursuant to 42 U.S.C. §2000e-5(f)(3).  This Court may also exercise supplemental jurisdiction over Mr. Foster's state law claims under 28 U.S.C. §1367.

### III. Parties

5.      Daryl Foster is a resident of Hamilton County, Ohio, who was employed by Defendant Fifth Third[1] from 2017 until March 2020.

6.      Defendant Fifth Third Bancorp is, upon information and belief, an Ohio corporation with its principal office located in Cincinnati, Hamilton County, Ohio.

7.      Defendant Fifth Third Financial Corporation is, upon information and belief, a wholly owned subsidiary of Fifth Third Bancorp with its principal office located in Cincinnati, Hamilton County, Ohio.

8.      Defendant Fifth Third Bank, National Association is, upon information and belief, a wholly owned subsidiary of Fifth Third Financial Corporation with its principal office located in Cincinnati, Hamilton County, Ohio.

9.      Defendant Fifth Third John Doe is, upon information and belief, one of the many corporations or other legal entities owned, operated by, or affiliated with any other named Defendant that was Mr. Foster's employer during all times relevant. The identity of this defendant is presently unknown to Mr. Foster and is uniquely within the knowledge and control of the named Defendants.  Defendant Fifth Third John Doe's proper name will be added to this action as its identity becomes known.

### IV. Facts

10.      Mr. Foster incorporates all preceding allegations as stated above and herein states further as follows:

---

[1] The various Fifth Third entities named as defendants to this action, including Fifth Third John Doe, are referred to collectively as "Defendant Fifth Third" throughout this pleading when referring to Mr. Foster's employer during the relevant period.

11.     Daryl Foster is an African American, gay man with a disability.  Mr. Foster was an employee of Fifth Third from 2017 to March 2020.

12.     The Fifth Third Defendants are financial services companies with over 15 employees consistently doing business within the Southern District of Ohio, that, individually or collectively, were Mr. Foster's employer within the purview of §701(b) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), O.R.C. § 4112.01(A)(2), and 42 U.S.C. § 12111.

13.     Mr. Foster worked for Defendant Fifth Third as a "resolution specialist" in Cincinnati, Ohio from 2017 until March of 2020.  In this position Mr. Foster was responsible for handling complex, escalated, customer issues over the telephone.

14.     While in the employ of Defendant Fifth Third, Mr. Foster was made to endure verbal harassment because he is gay.

15.     On one occasion, Mr. Foster was called a "faggot" by a co-worker and former supervisor.

16.     When Mr. Foster complained to Defendant Fifth Third about this abhorrent event, Fifth Third failed to take any corrective action to deter the co-worker from such unlawful conduct.

17.     The same co-worker later threatened Mr. Foster with physical violence. Mr. Foster again reported the behavior to Defendant Fifth Third.  On this occasion, Defendant Fifth Third met with the co-worker but again took no action to curb the behavior.

18.     Defendant Fifth Third's harassment of Mr. Foster was not limited to the actions of his co-workers.  During a meeting in January 2020, Mr. Foster was reprimanded by supervisors for his interaction with a client over the telephone because, he was told, his

4

demeanor was "too animated."  While being told this, Mr. Foster's supervisor mocked his manner of speaking by waving her neck and hands while she spoke ostensibly attempting to accentuate an effeminate manner ridiculing his sexual orientation.

19.    Mr. Foster's supervisors told him that he would not be a "good fit" for a supervisory promotion due to their discriminatory perceptions of his mannerisms and affect.

20.    Mr. Foster also has a documented disability, Attention-Deficit/Hyperactivity Disorder (ADHD), which caused him to take a period of Family Medical Leave Act leave from August of 2019 to October of 2019.

21.    Upon his return to work, Mr. Foster requested reasonable accommodations including a workstation somewhat segregated from others to minimize distraction (and further harassment) and additional short breaks throughout the day.

22.    Mr. Foster also reaffirmed his concerns about the way in which he was being treated to his supervisors, to upper management, and, when directed to do so, to human resources.

23.    Defendant Fifth Third failed to accommodate Mr. Foster's reasonable requests for accommodation and again failed to remedy his valid complaints of discrimination.  He was instead placed on "administrative leave" on or about January 28, 2020.

24.    Mr. Foster was placed on "administrative leave" for pretextual reasons following his requests for accommodation and complaints of discriminatory treatment discussed above.

25.    Prior to his being placed on administrative leave, Mr. Foster became aware that a promotion was opening, and he again made it known that he wished to be considered for the position.  Mr. Foster was well qualified for the promotion and had been performing some of the duties of that position in a *de facto* capacity for some time.

26.     Defendant Fifth Third formally posted the "team lead" position for promotion during the time that Mr. Foster had been banished to administrative leave.

27.     Defendant Fifth Third filled the position after just five days with a less qualified, white, heterosexual male candidate from an entirely different department.  Mr. Foster was not considered for the promotion.

28.     Also during his period of administrative leave, Defendant Fifth Third prominently displayed a "mugshot" style photo of Mr. Foster in the common entrance to the building where he worked.  Immediately above Mr. Foster's picture was hand-written in large block letters the phrase "B.O.L.O.," an acronym used by law enforcement urging one to "be on the lookout" for the criminal whose photo was displayed.  The visage created was reminiscent of a wanted poster and was shocking to see.  A picture of this disturbing posting as it was displayed is attached to this complaint as "Exhibit A."

29.     Defendant Fifth Third left Mr. Foster on administrative leave for several weeks without any justification as to why he was not permitted to return to work.

30.     In late February 2020, a Fifth Third Human Resources officer identifying himself as "Darrin" spoke with Mr. Foster by telephone.

31.     During the call, Darrin told Mr. Foster that he had "completed [his] review" of Mr. Foster's complaints of harassment and failure to accommodate his disability.

32.     Rather than address Mr. Foster's legitimate complaints, Defendant Fifth Third decided to solve the issue by firing Mr. Foster.

33.     Darrin can be heard to say that there had been an "apparent [ . . . ] breakdown in the relationship" and that "right now the employment relationship was no longer productive." Darrin then told Mr. Foster that they were "ending his employment" as a result.

34.     Darrin also told Mr. Foster that he would make his end date March 2, 2020, allowing him to receive benefits through March and would pay him $10,000 to "help [Mr. Foster's] transition to find a new position."

35.     When Mr. Foster told Darrin he was confused and asked about what the purported "review" entailed, Darrin declined to provide further information telling Mr. Foster simply, "the decision has been made."

<u>V. First Cause - Title VII – Race and Sex</u>

36.     Mr. Foster incorporates all preceding allegations as stated above and herein states further as follows:

37.     The adverse employment actions taken against Mr. Foster by Defendant Fifth Third, including his termination, were because of his race and/or his status as a gay man.

38.     While employed by Defendant Fifth Third, Mr. Foster was subjected to unwelcome harassment and discriminatory remarks due to his race and/or his status as a gay man.  Mr. Foster's co-workers and supervisors made disparaging comments to Mr. Foster in front of others and mocked his mannerisms.

39.     While employed by Defendant Fifth Third, Mr. Foster was subjected to disparate treatment due to his race and/or his status as a gay man.  Mr. Foster's supervisors reprimanded him and criticized his actions due to race and/or his status as a gay man.

40.     While employed by Defendant Fifth Third, Mr. Foster was not considered for promotion due to his race and/or his status as a gay man.  Mr. Foster's supervisors told him he would not be a good fit for a team lead position, and Fifth Third disciplined him for pretextual reasons in advance of a position opening to keep him from being considered for promotion.

41.     Defendant Fifth Third discriminated against Mr. Foster because of his race in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), as amended.  The discrimination included harassment, disparate treatment, and termination as discussed in preceding paragraphs.

42.     Defendant Fifth Third disparaged and discriminated against Mr. Foster by placing him on administrative leave for pretextual reasons on account of his race.

43.     Defendant Fifth Third disciplined Mr. Foster for pretextual reasons in advance of a position opening to keep him from being considered for promotion.  Fifth Third filled the higher-level position for which Mr. Foster was qualified with a less qualified heterosexual white male.

44.     Defendant Fifth Third posted a disparaging and discriminatory photo of Mr. Foster in the public entrance of the building in which he worked, visible for all to see, with the acronym "B.O.L.O." emblazoned above his picture.  Fifth Third posted this incendiary and racially charged photo to further harass, embarrass, and humiliate its employee.

45.     Defendant Fifth Third discriminated against Mr. Foster because of his sex for being gay in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), as amended.  The discrimination included harassment, disparate treatment, and termination as discussed in preceding paragraphs.

46.     Defendant Fifth Third discriminated against Mr. Foster because of his race, as a black male, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), as amended.  The discrimination included harassment, disparate treatment, and termination as discussed in preceding paragraphs.

47.     As a result of Defendant Fifth Third's illegal actions, Mr. Foster suffered damages including past and future lost wages, health insurance and other fringe benefits, as well as the costs of bringing this action.   Additionally, Mr. Foster has suffered humiliation, embarrassment, and emotional distress.

<u>VI. Second Cause – Americans with Disabilities Act</u>

48.     Mr. Foster incorporates all preceding allegations as stated above and herein states further as follows:

49.     Mr. Foster is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the ADA who was made to perform the essential functions of his position with Fifth Third without a reasonable accommodation.

50.     Mr. Foster requested reasonable accommodations including a workstation somewhat segregated from others to minimize distraction and additional short breaks throughout the day.

51.     Defendant Fifth Third did not accommodate Mr. Foster's request for these reasonable accommodations.

52.     Defendant Fifth Third terminated Mr. Foster's employment instead of accommodating his request for these reasonable accommodations and/or in retaliation for his request.

53.     As a result of Defendant Fifth Third's illegal actions, Mr. Foster suffered damages including past and future lost wages, health insurance and other fringe benefits, as well as the costs of bringing this action.   Additionally, Mr. Foster has suffered humiliation, embarrassment, and emotional distress.

## VII. Third Cause – Ohio Civil Rights Act § 4112.99

54.     Mr. Foster incorporates all preceding allegations as stated above and herein states further as follows:

55.     Defendant Fifth Third took adverse employment actions against Mr. Foster, up to and including his termination, on the basis of his race, sex, including his status as a gay man, and/or disability, in violation of O.R.C. § 4112.99.

56.     As a result of Defendant Fifth Third's illegal actions, Mr. Foster suffered damages including past and future lost wages, health insurance and other fringe benefits, as well as the costs of bringing this action. Additionally, Mr. Foster has suffered humiliation, embarrassment, and emotional distress.

## VIII. Fourth Cause - Defamation

57.     Mr. Foster incorporates all preceding allegations as stated above and herein states further as follows:

58.     Defendant Fifth Third made false and defamatory statements about Mr. Foster.

59.     Defendant Fifth Third, through its employees or agents, posted a "wanted poster" of Mr. Foster. This posting advised the public that it should "be on the lookout" for Mr. Foster, clearly implying that he was dangerous and someone to fear.

60.     This picture was libelous *per se* because it reflected upon Mr. Foster's character in a manner that caused him to be ridiculed, hated, or held in contempt, and did injury to him in his trade or profession.   See, *Gosden v. Louis*, 116 Ohio App. 3d 195, 207; 687 N.E. 2d 481, 488 (1996).

61.     Defendant Fifth Third published this posting in the public entrance area of the building in which Mr. Foster worked, open to view by his co-workers and other members of the public who entered the building.

62.     Defendant Fifth Third published these defamatory statements without privilege to do so.

<u>IX. Prayer for Relief</u>

WHEREFORE, Plaintiff Daryl Foster prays and demands that this Court enter judgment in his favor and against all Defendants, jointly and severally, to include:

a.      An award for back pay and front pay;

b.      An award for compensatory and special damages;

c.      An award for punitive damages;

d.      An award of his reasonable attorney's fees and costs; and to

e.      Grant to him such additional relief as the Court deems just and proper.

Respectfully submitted,

_____
Gregory A. Napolitano (0068671)
Paul M. Laufman (0066667)
LAUFMAN NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, Ohio  45242
(513) 621-4556
*gnapolitano@LN-lawfirm.com*
*plaufman@LN-lawfirm.com*

<u>Jury Demand</u>

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

_____
Paul M. Laufman (0066667)

11